## NATIONAL BANK OF DETROIT v ALFORD

1. GUARANTY—SUBROGATION—DISCHARGE OF LIABILITY.

   A creditor may not spoil a guarantor's right of subrogation against the principal debtor, even if such loss is occasioned by a creditor's inaction as opposed to affirmative conduct, and any injury to the collateral, occasioned by such inaction, should be compensated by way of discharge of liability to the creditor to the extent of the loss.

2. SECURED TRANSACTIONS—CHATTEL MORTGAGE—PROMISSORY NOTE— RECORDING—UNIFORM COMMERCIAL CODE.

   Absent the Uniform Commercial Code provision that "[t]he holder discharges any party to the instrument to the extent that without such party's consent the holder * * * unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse", there is still a duty on the part of a creditor to promptly record a chattel mortgage pursuant to which a promissory note to the principal debtor was issued because another section of the code provides that "[a] secured party must use reasonable care in the custody and preservation of collateral in his possession" and "[i]n the case of an instrument or chattel paper reasonable care includes taking necessary steps to preserve rights against prior parties unless otherwise agreed" (MCLA 440.3606, 440.9207[1]).

3. GUARANTY—DISCHARGE OF GUARANTOR—SECURITY—BANKS AND BANKING—RECORDING—CHATTEL MORTGAGE—AIRPLANE—SUBROGATION.

   Defendant guarantors were properly discharged to the extent of the value of the security lost where plaintiff bank breached its duty to promptly record the chattel mortgage on an airplane,

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 38 Am Jur 2d, Guaranty § 79.
[2] 68 Am Jur 2d, Secured Transactions § 92.
   69 Am Jur 2d, Secured Transactions § 378.
[4] 38 Am Jur 2d, Guaranty § 73 *et seq.*
[5] 38 Am Jur 2d, Guaranty § 116.

thereby unjustifiably impairing the collateral upon which defendants had a right to rely and consequently their right of subrogation, when it filed the mortgage in 1966 but it was not actually recorded until 1969 and in the meantime another corporation recorded a writ of attachment against the aircraft.

4. GUARANTY—BANKS AND BANKING—NEGLIGENCE.

A bank which has been negligent should not be allowed to hold guarantors liable because of that negligence.

5. GUARANTY—ADJUSTMENT OR COMPROMISE—BANKS AND BANKING.

An "adjustment or compromise" provision of a guaranty may not be applied to a bank's action against its guarantors for the balance due on a loan where no adjustment or compromise as described in the provision had been made.

Appeal from Wayne, Thomas Roumell, J. Submitted October 15, 1975, at Detroit. (Docket No. 21616.) Decided November 14, 1975.

Complaint by the National Bank of Detroit against Dr. E. S. Alford and others, as guarantors, for the balance due on a note. Judgment of no cause of action. Plaintiff appeals from denial of its motion for a new trial. Affirmed.

*Martin McGaffey,* for plaintiff.

*John F. Gilhool,* for defendants.

Before: V. J. BRENNAN, P. J., and BASHARA and R. M. MAHER, JJ.

PER CURIAM. On April 22, 1974, a judgment of no cause of action was entered against plaintiff and on August 21, 1974, plaintiff's motion for new trial was denied. It is from that denial plaintiff appeals.

Plaintiff bank loaned $50,000 to Voyager Detroit, Inc., to finance an airplane. In order to secure the loan, Voyager Detroit executed a chat-

tel mortgage and promissory note in favor of plaintiff. Defendants executed a guaranty to plaintiff.

Plaintiff first filed for recordation of the chattel mortgage with the Federal Aviation Authority (FAA) in December of 1966 but it was not actually recorded until January of 1969. In the meantime, California Airmotive Corp. (CAC) filed and recorded a writ of attachment against the aircraft with the FAA in August of 1968 and filed suit in Wayne County against Voyager Detroit. On June 30, 1969, CAC obtained a default judgment against Voyager Detroit in the amount of $25,511.75. Pursuant to the judgment, a writ of execution issued and the plane was sold on August 19, 1969 to CAC, the highest bidder, for $10,000.

On September 4, 1969, plaintiff filed suit against CAC and a restraining order issued, halting finalization of the aircraft's sale. However, plaintiff allowed the suit to go down for lack of progress and the plane was removed from the state.

On January 18, 1971, plaintiff instituted the present action against defendants, seeking the outstanding balance due on the loan to Voyager Detroit, $9,379.76. The trial court found MCLA 440.3606; MSA 19.3606 to apply here and refused to hold defendants liable because of plaintiff's own negligence.

MCLA 440.3606(1)(b); MSA 19.3606(1)(b) provides that:

"The holder discharges any party to the instrument to the extent that without such party's consent the holder * * * unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse."

Defendants, in this case, are not "[parties] to the instrument" within the meaning of MCLA

440.3606; MSA 19.3606. " 'Instrument' means a negotiable instrument." MCLA 440.3102(1)(e); MSA 19.3102(1)(e). The guaranty, signed by defendants, is not a negotiable instrument and the promissory note, in the present case, does not incorporate or even make reference to the guaranty. Although MCLA 440.3606; MSA 19.3606 does not apply here, MCLA 440.9207; MSA 19.9207 does, and the result is the same. See MCLA 440.1102; MSA 19.1102.

Defendants, in this case, guaranteed "the prompt payment at maturity or any accelerated or extended date of all moneys which are now and/or shall at any time be owing to said bank by said Borrower". The trial judge concluded that the collateral was impaired due to plaintiff's inaction and that plaintiff "should not be allowed to hold the guarantors liable because of their (bank's) own negligence". Implicit in the trial court's holding is that a creditor may not spoil a guarantor's right of subrogation against the principal debtor, even if such loss is occasioned by a creditor's inaction, as opposed to affirmative conduct, and that any injury to the collateral, occasioned by such inaction, should be compensated by way of discharge of liability to the creditor to the extent of the loss. The only problem is that the trial judge relied on MCLA 440.3606; MSA 19.3606 to establish the creditor's duty to take affirmative action to preserve the security in this case and we have found that statute not to apply here. Therefore, is there a duty, absent MCLA 440.3606; MSA 19.3606, on the part of a creditor, to promptly record a chattel mortgage, pursuant to which the promissory note to the principal debtor was issued?

MCLA 440.9207(1); MSA 19.9207(1) provides that:

"A secured party must use reasonable care in the custody and preservation of collateral in his possession. In the case of an instrument or chattel paper reasonable care includes taking necessary steps to preserve rights against prior parties unless otherwise agreed."

Plaintiff, in this case, breached its duty to promptly record the chattel mortgage, thereby unjustifiably impairing the collateral upon which defendants had a right to rely and consequently defendants' right of subrogation. Defendants were properly discharged to the extent of the value of the security lost. As the trial judge stated in his opinion, "National Bank of Detroit * * * should not be allowed to hold the guarantors liable because of [its] (bank's) own negligence."

That portion of the guaranty which has been the focal point of argument in the lower court and on appeal reads as follows:

"An adjustment or compromise may be made by said Bank with the Borrower or any other party to said liabilities and a lesser sum than the face thereof accepted in full payment and discharge, and any said writings, documents and property represented thereby and any other collateral or other security of said Borrower or any other party or any guaranty or other obligation of any other party which said Bank may hold or which may come to it or its possession may be released or otherwise dealt with by said Bank in all respects and particulars as if this guaranty were not in existence and the obligation of the undersigned hereunder shall be in no wise affected thereby, the undersigned hereby waiving and foregoing any right in respect of any such action of said Bank."

The only fair reading of this provision is that absent an "adjustment or compromise", plaintiff does not have total freedom in handling collateral without affecting the rights and obligations of

defendants since it is an "adjustment or compromise" that releases the debtor, destroying the creditor's right to sue, the right to which the guarantor would have been subrogated. There having been no "adjustment or compromise" made here, the provision is not applicable.

Defendants' second argument on appeal is not properly before this Court. See GCR 1963, 807.

Affirmed. Costs to defendants.