WAYNE BANK v DORE

Docket No. 58034. Submitted June 28, 1982, at Lansing.—Decided September 21, 1982.

Plaintiff, Wayne Bank, made a loan to Anchor Diesel Service, Inc., and obtained and perfected a security interest in Anchor Diesel's inventory. Defendant, Arthur P. Dore, guaranteed the loan to Anchor Diesel. Anchor Diesel defaulted in February of 1976. In June of 1976, the Internal Revenue Service confiscated Anchor Diesel's inventory pursuant to a tax lien. Plaintiff did not inform Internal Revenue of its superior lien on the inventory and it waited eight weeks to inform defendant of Internal Revenue's action. Plaintiff sued defendant in the Bay Circuit Court to recover on the guaranty. The court, William J. Caprathe, J., determined that plaintiff was required by MCL 440.9207; MSA 19.9207 to exercise reasonable care in the custody and preservation of the collateral and granted a judgment of no cause of action. Plaintiff appealed. *Held:*

1. The court erred in applying the standard in MCL 440.9207; MSA 19.9207 because it only applies where the collateral is in the possession of the secured party. However, a secured party has an obligation to exercise good faith, diligence, reasonableness, and care under MCL 440.1102(3); MSA 19.1102(3). Plaintiff failed to meet this standard.

2. The court properly admitted an inventory list used by plaintiff in basing its loan to Anchor Diesel as evidence of the inventory's value. It was relevant, and could have qualified as an adoptive admission under MRE 801(d)(2)(B). Furthermore, the burden is on plaintiff to rebut the presumption that the inventory's value equaled the debt.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 69 Am Jur 2d, Secured Transactions §§ 286, 618.
   Construction and effect of UCC Art 9, dealing with secured transactions, sales of accounts, contract rights, and chattel paper. 30 ALR3d 9.
[2] 69 Am Jur 2d, Secured Transactions §§ 528, 623.
   Uniform Commercial Code: burden of proof as to commercially reasonable disposition of collateral. 59 ALR3d 369.

1. SECURED TRANSACTIONS — DUTY OF CARE.

> The Uniform Commercial Code requires that a secured party exercise good faith, diligence, reasonableness, and care (MCL 440.1102[3]; MSA 19.1102[3]).

2. SECURED TRANSACTIONS — DISCHARGE — PRESUMPTIONS.

> A rebuttable presumption arises in a suit by a secured party against a guarantor that the value of collateral equaled the debt where the guarantor has been discharged to the extent of the collateral due to lack of reasonable care by the secured party.

*Smith & Brooker, P.C.* (by *Richard C. Sheppard*), for plaintiff.

*Henry A. Pominville, P.C.,* for defendant.

Before: R. B. BURNS, P.J., and D. F. WALSH and P. J. MARUTIAK,* JJ.

R. B. BURNS, P.J. Plaintiff instituted this suit to force defendant, a guarantor of a loan from plaintiff to Anchor Diesel Service, Inc., to pay pursuant to that guaranty after Anchor Diesel had defaulted. The trial court rendered a judgment of no cause of action, and plaintiff appeals.

Anchor Diesel obtained a loan from plaintiff in 1969, and granted plaintiff a security interest in its inventory. Plaintiff properly perfected this security interest.

In 1972, defendant apparently gave his guaranty for further loans from plaintiff to Anchor Diesel. On Feburary 27, 1976, Anchor Diesel defaulted on a $19,000 loan from Wayne Bank. However, in June of 1976 the Internal Revenue Service confiscated Anchor Diesel's inventory pursuant to a tax lien.

Although plaintiff possessed a superior security interest in the inventory, plaintiff did not contact

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the Internal Revenue Service in any fashion to assert its prior lien on the collateral, nor did it notify defendant immediately of the Internal Revenue Service's action. Rather, plaintiff notified defendant eight weeks later, seeking to enforce defendant's obligation under the guaranty.

The trial court held that Wayne Bank acted in a commercially unreasonable manner by not notifying the Internal Revenue Service and by notifying defendant eight weeks after the Internal Revenue Service had levied on the property.

Plaintiff's first claim of error is that commercial reasonableness should not have applied in this case because Wayne Bank was never in possession of the collateral. Defendant urges that plaintiff could be considered to be in constructive possession of the collateral and that the result is consistent with the obligation of good faith that pervades all Uniform Commercial Code transactions.

Under MCL 440.9207; MSA 19.9207, a secured party must use reasonable care in the custody and preservation of collateral in his possession. However, the collateral was not possessed by the secured party in this case. Defendant claims that this Court can use a theory of constructive possession, based upon *National Bank of Detroit v Alford,* 65 Mich App 634; 237 NW2d 592 (1975). In *Alford,* this Court held that plaintiff, the secured party, breached its duty to promptly record its chattel mortgage and thereby impaired the collateral upon which defendants, the guarantors, had a right to rely. Because the bank was negligent, the guarantors were relieved from their obligations.

We decline to apply *Alford* in the manner suggested by defendant. First, the bank in *Alford,* through its own negligence, failed to perfect its

security interest and thus obtained a junior lien on the property. Because of this inaction, the creditor spoiled the guarantor's right of subrogation against the principal debtor. In the instant case, defendant's subrogation rights were impaired, not destroyed.

Moreover, the collateral was never in the possession of plaintiff. The burden of proving commercial reasonableness generally is placed upon a secured party who has repossessed the collateral and disposes of it in a manner which impairs a third party's rights. See, *e.g., Mack Financial Corp v Scott,* 100 Idaho 889; 606 P2d 993 (1980). Thus, we find that the trial court erroneously applied MCL 440.9207; MSA 19.9207.

However, as asserted by defendant, the Uniform Commercial Code requires that a secured party exercise good faith, diligence, reasonableness, and care. MCL 440.1102(3); MSA 19.1102(3).

We agree that plaintiff's failure to notify the Internal Revenue Service violated the standard of reasonableness and that its delayed notification to defendant failed to meet the standard of diligence mandated by MCL 440.1102(3); MSA 19.1102(3). Plaintiff could have easily notified the Internal Revenue Service that Wayne Bank had a prior interest in Anchor Diesel's inventory and also could have apprised defendant that a junior lien-holder was levying on the collateral, thus assuring that defendant's potential subrogation rights would be protected. Plaintiff chose not to do so. Therefore, because the trial court's finding that Wayne Bank acted in a commercially unreasonable manner was based upon conduct that constituted an unjustifiable failure to meet the standards set forth in MCL 440.1102(3); MSA 19.1102(3), defendant was properly discharged to

the extent of the value of the collateral lost. See *United States v Willis*, 593 F2d 247 (CA 6, 1979).

Plaintiff also claims that the trial court erred by admitting into evidence records which dealt with the value of the collateral.

Since the trial court ruled that plaintiff's actions were unreasonable, the burden was upon plaintiff to show that the value of the inventory was less than the outstanding debt. In other words, a rebuttable presumption exists that the collateral equaled the debt. *Willis, supra.*

Additionally, because Wayne Bank extended a loan based on the information contained in the inventory list, the list could have qualified as an adoptive admission under MRE 801(d)(2)(B), because plaintiff manifested a belief in the truth of the statement by basing a loan upon it. Finally, the admission of this evidence made the asserted value of the collateral more probable than it would have been without its admission; therefore, plaintiff's claim that the evidence was irrelevant is without merit.

Affirmed.